UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RANDY ALLEN EASTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5797** |
| **LAFOURCHE PARISH SHERIFF'S OFFICE, ET AL.** | **SECTION "C"(3)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Randy Allen Easter, a state pretrial detainee, filed this civil action asserting various claims related to his confinement at the Lafourche Parish Detention Center. He brought the action pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

In his original complaint, plaintiff sued the Lafourche Parish Sheriff's Office and Detention Center, as well as CorrectHealth, the private company that provides healthcare at the jail.[1] After reviewing that filing, he Court notified plaintiff that the complaint failed to state a cognizable claim

---

[1] Rec. Doc. 3.

against a proper defendant and ordered him to file an amended complaint.[2] He thereafter filed an amended complaint, adding the Lafourche Parish Government, Warden Cantrell Davis, and Assistant Warden Jessica Bourdelon as defendants.[3] However, because the complaint, as amended, still fails to state a cognizable, nonfrivolous claim against a proper defendant, this action should be dismissed.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[4] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

---

[2] Rec. Doc. 4.

[3] Rec. Doc. 5.

[4] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

2

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).  The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint, as amended,[5] the undersigned recommends that this matter be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## II.  Original Complaint

As noted, in the original complaint, plaintiff sued the Lafourche Parish Sheriff's Office and Detention Center, as well as CorrectHealth.  The claims against those entities should be dismissed for the following reasons.

Clearly, the Lafourche Parish Sheriff's Office and Detention Center are improper defendants. "[A] sheriff's office is not a legal entity capable of being sued ...." Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Davis v. Lafourche Parish Sheriff's Office, Civ. Action No. 12-1859, 2012 WL 5866201, at *2 (E.D. La. Oct. 29, 2012), adopted, 2012 WL 5866495 (E.D. La. Nov. 19, 2012); Campbell v. St. Tammany Parish Sheriff's Office, Civ. Action No. 09-3143, 2009 WL 1107251, at *1 (E.D. La. Apr. 23, 2009); Wetzel v. St. Tammany Parish Jail, 610 F. Supp. 2d 545, 548 (E.D. La. 2009); Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).  Further, a detention center is merely a building, not a "person" subject to suit under 42 U.S.C. § 1983.  Davis v. St. Charles Parish Correctional Center, Civ. Action

---

[5]  The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

No. 10-98, 2010 WL 890980, at *3 (E.D. La. Mar. 8, 2010); Dorsey v. Nelson Coleman Correctional, Civ. Action No. 09-7673, 2010 WL 677742, at *2 (E.D. La. Feb. 24, 2010); Joseph v. Nelson Coleman Correctional Center, Civ. Action No. 09-7670, 2010 WL 55447, at *2 (E.D. La. Jan. 7, 2010); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007).

As to CorrectHealth, the private corporation which operates the jail's medical department, plaintiff failed to state a nonfrivolous claim against that defendant. Even if a cognizable claim could be stated against CorrectHealth in some circumstances, this is not among them. At best, plaintiff appears to be attempting to hold CorrectHealth liable based on a theory of vicarious liability, which simply is not allowed in an action filed pursuant to 42 U.S.C. § 1983. See Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Sears *ex rel.* Sears v. Lee, Civ. Action No. 08-3418, 2010 WL 324385, at *3-5 (E.D. La. Jan. 20, 2010).

### III.  Amended Complaint

After alerting plaintiff to the aforementioned defects in his original complaint, the Court ordered him to file an amended complaint. The Court warned: "Any amended complaint must include the following information:  (1) the name of each individual plaintiff seeks to add as a defendant; (2) a proper service address for each such individual; and (3) a short and plain statement of each claim plaintiff wishes to assert against each such individual."[6]  Plaintiff thereafter filed an amended complaint in which he added three new defendants:  the Lafourche Parish Government,

---

[6] Rec. Doc. 4.

Warden Cantrell Davis, and Assistant Warden Jessica Bourdelon.  However, he has failed to state a claim against those defendants for the following reasons.

The Lafourche Parish Government is a local governmental entity.  Regarding claims against such entities, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact for the deprivation of the rights inflicted.  To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of the official policy or custom.  The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted).  "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity."  Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, at *6 (E.D. La. Aug. 17, 2009).  Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights.  See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); McCloud, 2009 WL 2515609, at *6.  In the instant case, plaintiff does not even allege that the purported violations stemmed from an official policy or custom of the Lafourche Parish Government, much less identify such a policy or custom.  Therefore, no proper claim has been stated against that entity.

Plaintiff likewise has not stated a proper claim against the two remaining defendants, Warden Cantrell Davis and Assistant Warden Jessica Bourdelon.  Plaintiff clearly has not stated proper

claims against Davis and Bourdelon in their official capacities. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, official-capacity claims against Davis and Bourdelon would in reality be claims against the local governmental body itself. Alexander v. City of Gretna, Civ. Action No. 06-5405, 2010 WL 3791714, at *3 (E.D. La. Sept. 17, 2010); Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *2-3 (E.D. La. Feb. 22, 2010). However, as previously explained, to state a claim against a local governmental entity, a plaintiff must allege that the violation of his rights stemmed from a custom or policy of the local governmental entity, and he must further identify that custom or policy. Again, he has not done so here.

Plaintiff has also failed to state proper claims against Davis and Bourdelon in their individual capacities. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

Plaintiff does not allege that Davis had any personal involvement whatsoever in the matters giving rise to his claims. In fact, he makes no factual allegations whatsoever against Davis. Accordingly, clearly no individual-capacity claim has been stated against Davis.

The only factual allegation made against Bourdelon is that she found plaintiff guilty in a disciplinary proceeding in July of 2012 and sentenced him to four months without commissary privileges.[7]  However, any claim arising from that event fails for at least two reasons.

First, any such claim is prescribed.  A Louisiana plaintiff seeking relief under 42 U.S.C. § 1983 is subject to a one-year limitations period.  See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) ("[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period.  In Louisiana, that period is one year." (citation omitted)).  Because plaintiff's lawsuit was not filed until September of 2013,[8] more than one year after any claim arising from the disciplinary proceeding accrued, it is prescribed.  Prescribed claims are properly dismissed as frivolous.  See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *2 (E.D. La. July 25, 2008).

---

[7]  See Rec. Doc. 3, pp. 7 and 10.

[8]  The complaint in the instant case was sent by to the Court from an unknown person in Nevada through the use of the United Parcel Service on September 3, 2013, Rec. Doc. 3, p. 14, and was received by the Court on September 9, 2013, Rec. Doc. 3, p. 1.  Because plaintiff did not mail the complaint to the Court through the use of the prison mail system, the prison "mailbox rule" is inapplicable.  See, e.g., Knickerbocker v. Artuz, 271 F.3d 35, 37 (2nd Cir. 2001) ("We join the other circuits that have addressed this issue by holding that the prison mailbox rule established in Houston [v. Lack, 487 U.S. 266 (1988),] does not apply where a *pro se* prisoner delivers his notice of appeal to someone outside the prison system for forwarding to the court clerk."); Dison v. Whitley, 20 F.3d 185, 187 (5th Cir. 1994) (holding that a prisoner's "use of an unknown agent does not trigger the Houston exception that is limited to filings with prison officials, over whom a prisoner has no control"); Llovera v. Florida, Civil Action No. 4:13-859, 2013 WL 5468256, at *3 n.2 (D.S.C. Sept. 30, 2013) ("mailbox rule" did not apply to filing where "there [was] nothing on the envelope to indicate mailing from a place of confinement") ; Pearson v. Vaugh, 984 F. Supp. 315, 317 (E.D. Pa. 1997) (holding that "mailbox rule" is inapplicable when a prisoner decides to send his complaint to a third party for filing, because the prison is no longer responsible for any delays in filing).

8

Second, in any event, any claim arising from the disciplinary conviction and sentence fails even if considered on the merits. Specifically, the claim, which is a type of a due process claim, is frivolous because the penalty imposed in the disciplinary proceeding – the loss of commissary privileges – simply does not implicate a liberty interest protected under the Due Process Clause. See, e.g., Bagby v. Karriker, No. 13-40476, 2013 WL 4573601, at *1 (5th Cir. Aug. 29, 2013); Landor v. Larmartiniere, 515 Fed. App'x 257, 259 (5th Cir. 2013); Ballard v. Pierce, 401 Fed. App'x 993, 994 (5th Cir. 2010); Odneal v. Hinojosa, 357 Fed. App'x 598, 599 (5th Cir. 2009).[9]

Lastly, out of an abundance of caution, the Court notes that Davis and Bourdelon are supervisory officials at the jail. However, that alone may not serve as a basis for liability in a federal civil rights lawsuit. It is beyond cavil that supervisory officials may not be held liable pursuant to 42 U.S.C. § 1983 under any theory of strict liability[10] or vicarious liability[11] for federal civil rights violations allegedly committed by their subordinates.

---

[9] The Court is aware that this line of cases is based on Sandin v. Connor, 515 U.S. 472 (1995), a case involving a convicted prisoner. However, the United States Fifth Circuit Court of Appeals has applied Sandin to similar due process claims brought by pretrial detainees. Gibbs v. Grimmette, 254 F.3d 545, 548 n.1 (5th Cir. 2001); see Rhine v. City of Mansfield, 499 Fed App'x 334, 335 (5th Cir. 2012).

[10] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[11] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." ); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[12]

New Orleans, Louisiana, this thirteenth day of February, 2014.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[12]   Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.